(No. 82-CC-224⬛⬛⬛⬛⬛⬛

FIDELITY DEPOSIT COMPANY OF MARYLAND, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 13, 1984.*

McNEELA & GRIFFIN, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN M. O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

213

Roe, C.J.

This claim is before the Court on the joint stipulation filed by the parties on November 7, 1983. By order of this Court dated January 5, 1984, the case was continued until submission of additional information by the Respondent. That information was provided September 12, 1984. The case is now before us for decision.

The parties stipulated as follows:

1. Claimant is a bonding company which pursuant to its bond became the contractor of record for plumbing work completed at New Sycamore Junior High School, Sycamore, Illinois.

2. Claimant hired Great Lakes Plumbing and Heating Company to perform the contract work.

3. In the course of completing the work, Great Lakes encountered conditions not anticipated in the original contract, namely a high water table and running sand.

4. These conditions necessitated renting dewatering equipment so that the plumbing work could be completed.

5. Claimant and Respondent have agreed that the amount of Claimant's claim for the additional expense of the equipment rental is $5,500.00.

6. The parties agree that Claimant should be awarded $5,500.00 as a complete satisfaction of Claimant's claim.

This Court is not bound by such settlements, but neither does it seek to interpose a controversy where none appears to exist. We encourage settlement where the case warrants it and will not reject a settlement out of hand. Although this settlement appears fair and reasonable and entered into at arms length we unfortunately are constrained by operation of law to reject the settlement and deny the claim.

The additional information elicited by our order of January 5, 1985, reveals that all funds appropriated by the legislature *and* released by the Governor have been expended. For this reason we are unable to acquiesce in making an award. We do note for the record however that on July 26, 1978, the director of the Capital Development Board (the Respondent herein) requested, the director of the Bureau of the Budget recommended, and the Governor approved, a cancellation of released funds in the amount of $16,210.00 for the stated purpose that the contracts awarded for the project plus contingencies were less than the amount of funds released, and that therefore that amount of money was *not required*. We further note for the record that on June 23, 1981, the Director of the Capital Development Board requested, the director of the Bureau of the Budget recommended, and the Governor approved another cancellation of released funds in the amount of $40,531.00 for the stated purpose that the project was complete. Thus, it appears at one time there were more than sufficient funds appropriated and released to have covered this settlement but due to the events described above their release was cancelled.

Claim denied.